IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Eddie Donnell Littlejohn, | ) | C/A No. 6:25-cv-00561-TMC-KFM |
| Plaintiff; | ) ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) | |
| Sgt. Cook, Officer Gray, Major Anderson, Dr. Outz, | ) ) ) | |
| Defendants.[1] | ) ) | |

       The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

       The plaintiff's complaint was entered on the docket on January 30, 2025 (doc. 1). By order filed March 10, 2025, the plaintiff was informed that his complaint was subject to summary dismissal (other than his excessive force claim against Sgt. Cook and Ofc. Gray) because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 13). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his claims be dismissed (other than his excessive force claim) (*id*. at 6–7). On March 18, 2025, the plaintiff's amended complaint was entered on the docket (doc. 15). Having reviewed the plaintiff's amended complaint, the undersigned is of the opinion that the

---

      [1] This caption has been updated to reflect the current parties to this action, per the plaintiff's amended complaint (doc. 15).

plaintiff's excessive force claim against defendants Sgt. Cook and Ofc. Gray and his medical indifference claim against Dr. Outz are sufficient to survive screening and service will be recommended as to those defendants on those claims. However, the remainder of the plaintiff's claims in the amended complaint fail to state a claim upon which relief may be granted; thus, they are subject to summary dismissal as outlined below.

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a pretrial detainee at the Cherokee County Detention Center ("the Detention Center") seeking money damages from the defendants (doc. 15). The plaintiff alleges violations of his Fourteenth Amendment rights (*id*. at 7). The plaintiff alleges that on January 13, another detainee was in his "assigned area" so he started fighting with him (*id*. at 4). The plaintiff alleges that Sgt. Cook and Ofc. Gray then arrived and he was tazed by Sgt. Cook and maced by Ofc. Gray, which caused him to hit his head on the hard concrete (*id*. at 4, 8–9). The plaintiff alleges that he did not see a doctor for medical treatment after this incident until he met with Dr. Outz on March 8, 2025 (*id*. at 4, 8–9). When the plaintiff was taken two months later to see Dr. Outz, Dr. Outz did not listen to the plaintiff's medical complaints and instead just looked at the plaintiff's back and then sent him back to his cell (*id*. at 4–5). The plaintiff contends that he continued having swelling in his ankles and gums and muscle spasms, but was not seen again by Dr. Outz (*id*. at 5). The plaintiff contends that Maj. Anderson is responsible for the incident in question because he keeps track of what happens at the Detention Center (*id*. at 5–6). The plaintiff further contends that Maj. Anderson has not tried to resolve his dispute with Sgt. Cook and Ofc. Gray, which makes him responsible (*id*. at 6).

The plaintiff's injuries include back pain and headaches amongst other ongoing ailments (*id*. at 9). For relief, the plaintiff seeks money damages and to have his medical bills paid by the defendants (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

3

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. Additionally, as indicated, the plaintiff's excessive force claim against Sgt. Cook and Ofc. Gray and his medical indifference claim against Dr. Outz are sufficient to survive screening, and service will be recommended as to defendants Sgt. Cook, Ofc. Gray, and Dr. Outz on those claims. The plaintiff's remaining claim, against Maj. Anderson, is subject to summary dismissal.

The plaintiff asserts supervisory liability against Maj. Anderson because he is told about all incidents at the Detention Center (such as the plaintiff's incident with Sgt. Cook and Ofc. Gray) (doc. 15 at 5–6). The doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)). Indeed, to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Here, the plaintiff's complaint contains no allegations that Maj. Anderson was on notice regarding the events in the plaintiff's complaint before they happened or any other incidents with Sgt. Cook, Ofc. Gray, or Dr.

Outz. Further, the plaintiff has not alleged a causal link between inaction by Maj. Anderson and the injuries asserted in this action by the plaintiff. As such, the plaintiff's amended complaint fails to state a supervisory liability claim against Maj. Anderson and he is subject to dismissal. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010).

**Abandoned Claims**

The plaintiff's amended complaint appears to abandon his claims against the Cherokee County Detention Center as it does not appear in his amended complaint (*see* doc. 15). The plaintiff was warned that an amended complaint replaces the complaint and "should be complete in itself (doc. 16 at 10–11 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). As such, the undersigned recommends dismissal of the plaintiff's abandoned defendant. To the extent the plaintiff did not intend to abandon this defendant, for the reasons set forth in the court's prior order, it would still be subject to summary dismissal (*see* doc. 13 at 4).

**RECOMMENDATION**

As noted above, this case will go forward with respect to the plaintiff's excessive force claim against Sgt. Cook and Ofc. Gray as well as with respect to the plaintiff's medical indifference claim against Dr. Outz. However, with respect to the plaintiff's remaining claims (other than the excessive force claim against Sgt. Cook and Ofc. Gray as well as the medical indifference claim against Dr. Outz), the undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the amended complaint. Therefore, the undersigned recommends that the district court dismiss the remaining claims with prejudice, without leave for further amendment, and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to

amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

    **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

March 21, 2025
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).