IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eddie Donnell Littlejohn, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-00561-TMC-KFM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Cook, Officer Gray, Major Anderson, Dr. Outz, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Eddie Littlejohn, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 15). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Once the case was in proper form, the magistrate judge issued an order, advising Plaintiff that only his excessive force claim against Sergeant Cook and Officer Gray is sufficiently presented to survive screening. (ECF No. 13). For the reasons set forth in his order, the magistrate judge determined Plaintiff's remaining claims are subject to dismissal. *Id*. The magistrate judge gave Plaintiff additional time to correct the noted deficiencies and advised Plaintiff that failure to file an amended complaint curing those deficiencies within the timeframe provided would result in him recommending dismissal of Plaintiff's other claims. *Id*. at 7. Plaintiff subsequently filed an amended complaint. (ECF No. 15).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending Plaintiff's excessive force claim against Sergeant Cook and Officer Gray as well as his medical indifference claim against Dr. Outz survive screening and go forward. (ECF No. 21). The magistrate judge, however, recommended Plaintiff's remaining claims be dismissed with

1

prejudice, without leave for further amendment, and without issuance and service of process. *Id*. at 4–5. He notified Plaintiff of his right to file objections to the Report. *Id*. at 7. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 22), and it was not returned to the court as undeliverable. Thus, Plaintiff is presumed to have received the Report. Still, Plaintiff has failed to file objections, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 21), which is incorporated herein by reference. Accordingly, while Plaintiff's excessive force claim against Sergeant Cook and Officer Gray as well as his medical indifference claim against Dr. Outz may go forward at this juncture, his remaining claims are **DISMISSED with prejudice**, without leave for further amendment, and without issuance and service of process. Defendant Major Anderson is hereby terminated as a party from this case.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 8, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.