IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eddie Donnell Littlejohn, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-00561-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Cook, Officer Gray, and Dr. Outz, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Eddie Littlejohn, proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 15). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On April 8, 2025, the undersigned issued an order adopting the magistrate judge's first Report and Recommendation ("First Report"), thereby allowing Plaintiff's excessive force claim against Sergeant Cook and Officer Gray as well as his medical indifference claim against Dr. Outz to go forward and dismissing Plaintiff's remaining claims. (ECF No. 25). Thereafter, Defendants filed a motion for summary judgment, (ECF No. 38), and the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the summary judgment procedures and possible consequences of failing to adequately respond to the motion, (ECF No. 39). Plaintiff timely filed a response in opposition to Defendants' motion. (ECF No. 41).

Now before the court is the magistrate judge's second Report and Recommendation ("Second Report"), recommending the district court grant Defendants' motion for summary judgment. (ECF No. 44). The magistrate judge informed Plaintiff of his right to file objections to

1

the Second Report. *Id*. at 14. The Clerk's Office mailed the Second Report to Plaintiff's last known address, (ECF No. 45), and it has not been returned to the court as undeliverable. Accordingly, Plaintiff is presumed to have received it. Still, Plaintiff has failed to file objections, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections

to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Second Report and finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Second Report, (ECF No. 44), which is incorporated herein by reference. Defendants' motion for summary judgment, (ECF No. 38), is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
October 6, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.